2015CV06003

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 10/16/2015 4:50:14 PM
Accepted By: Daniel Cedar

# IN COUNTY COURT AT LAW NUMBER ___
## OF BEXAR COUNTY, TEXAS

JUSTIN MICHAEL BRADSHAW       *

VS.                           *        CAUSE NO. CC# 03

CARMAX AUTO SUPERSTORES,      *
INC., ET AL

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUSTIN MICHAEL BRADSHAW, Plaintiff in the above captioned case, and files this Original Petition complaining of CARMAX AUTO SUPERSTORES, INC., CNA NATIONAL WARRANTY CORPORATION and AMERICAN CREDIT ACCEPTANCE, LLC doing business as ACA - AMERICAN CREDIT ACCEPTANCE LLC, Defendants, and for cause of action would show the following:

I.

Plaintiff, JUSTIN MICHAEL BRADSHAW, intends on conducting discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff requests that the Court enter a docket control order or discovery plan tailored to the circumstances of this suit, setting forth the guidelines and deadlines for discovery in this case. Also, Plaintiff would state this case involves damages of between $100,000.00 and $200,000.00 and seeks non-monetary relief.




EXHIBIT B-1



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:       Submit Date: 10/16/2015 4:37:50 F

DEC 18 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

II.

Defendant, CARMAX AUTO SUPERSTORES, INC., (hereinafter called Defendant Dealer) may be served with process by serving its registered agent for service of process, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, CNA NATIONAL WARRANTY CORPORATION, (hereinafter called Defendant CNA) may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, AMERICAN CREDIT ACCEPTANCE, LLC D/B/A ACA - AMERICAN CREDIT ACCEPTANCE LLC, (hereinafter called Defendant Holder) may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

III.

Defendant Dealer advertises and represents that it is built on the idea that there is a better way to buy a used car. Defendant Dealer states that the foundation of its business is built on integrity. Defendant Dealer states that it makes the buying process as easy as possible. Plaintiff visited Defendant Dealer in San Antonio, Bexar County, Texas and informed it of the type of vehicle that he needed. Defendant Dealer showed the plaintiff a 2006 Ford F350 pickup truck. Before the plaintiff agreed to

CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED: DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

purchase the vehicle, Defendant Dealer made a number of representations to the plaintiff about the vehicle, about its dealership, about its reputation and about the type of vehicles that it sells. Defendant Dealer represented that every vehicle is put through a rigorous, certified, quality 125+ point inspection. Defendant Dealer represented that its vehicles undergo around 12 hours of renewing, sandwiched between two meticulous inspections. Defendant Dealer made specific representations about this particular vehicle. However, Defendant Dealer failed to disclose that this vehicle was missing some bolts from the turbo. Defendant Dealer was either aware or should have been aware of the condition of the vehicle, especially in light of its rigorous, meticulous pre-sale inspections of the vehicle. Instead, Defendant Dealer chose not to disclose the problems with the vehicle in order to maximize the price that it could charge for the vehicle and to unload this vehicle on a younger, unsuspecting consumer. Based upon Defendant Dealer's misrepresentations and its silence, Plaintiff decided to purchase the above referenced vehicle for a cash selling price of $28,998.00. Plaintiff signed a retail installment contract in Bexar County with Defendant Dealer, which provided for payments over 72 months at an unconscionable A.P.R. of 23.80%.

STATE OF TEXAS
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office
ATTESTED:

DEC 18 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:

During the sales process, Defendant Dealer also made specific representations to the Plaintiff about an extended service contract which it offered from a subsidiary or sister company of CarMax. Defendant Dealer represented that MaxCare service contracts can be customized to meet the customer's needs. Defendant Dealer knew the purposes for which the plaintiff was buying the vehicle. Defendant Dealer failed to disclose to him that the service contract would not cover the vehicle if he put a welding machine on the truck. Defendant Dealer sold him this extended service contract and included the cost of $2,359.00 in the amount financed - at that unconscionable interest rate.

After purchasing the vehicle, Plaintiff noticed that the turbo on the vehicle was making an unfamiliar noise. Plaintiff called a Ford dealership, told them of the problems that he was experiencing, gave them the policy number of the extended service contract and the telephone number of MaxCare. Although Defendant Dealer should have discovered the missing bolts before the vehicle was sold to the plaintiff, the extended service contract should have provided coverage and the repairs should have been made.

Instead, when the plaintiff checked back with the Ford dealership, he was told that there were bolts missing from the turbo. As a result, other parts of the vehicle were damaged. Plaintiff asked if MaxCare had authorized repairs. As is typical

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

of most of these extended service contract companies, Continental Service Providers, Inc. and its agent Defendant CNA failed to respond in a timely manner to the Ford dealership's request for permission to conduct the repairs. After waiting for a week, Continental Service or Defendant CNA told the Ford dealership that it had canceled the service contract. Of course, neither company had talked to the plaintiff about this matter nor had either informed him of the cancellation.

When the plaintiff called Defendant CNA, he was told that the vehicle was a commercial vehicle since it had a welding machine in the back of the truck. However, the vehicle was not a "commercial vehicle". The breakdown did not occur because of any "commercial use" but because the vehicle sold to him by Defendant Dealer was defective. Defendant Dealer sold this extended service contract so that the premium could be collected by its affiliated company and its agent - and so that Defendant Dealer could receive a kickback or commission from the sale of the service contract. Either way, Defendant Dealer and the Defendant CNA are responsible for plaintiff's damages and Defendant Holder - which is the assignee of the retail installment contract - is liable for all claims and defenses that the plaintiff has against Defendant Dealer. Also, Plaintiff never received an explanation as to why MaxCare gave personal information about him to the Ford dealership.

CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

## FIRST CAUSE OF ACTION

### IV.

The transaction described in Paragraph III above was and is subject to the Texas Deceptive Trade Practices Act, §17.41, et seq of the Texas Business & Commerce Code (hereinafter called "D.T.P.A."). At all times relevant to this matter, Plaintiff was a "consumer" as that term is defined in the D.T.P.A. Defendant Dealer and Defendant CNA violated the D.T.P.A. in many respects, including but not limited to the following:

> A. Defendants violated §17.46(b)(5) of the D.T.P.A. by representing that the goods and services had characteristics, uses, benefits and quantities that they did not have;
>
> B. Defendants violated §17.46(b)(12) of the D.T.P.A. by representing that an agreement conferred or involved rights, remedies and obligations that it did not have or involve or which were prohibited by law;
>
> C. Defendants violated §17.46(b)(24) of the D.T.P.A. by failing to disclose information concerning the goods and services which was known at the time of the transaction and such failure to disclose was intended to induce the plaintiff to enter into a transaction into which he would not have entered had the information been disclosed;
>
> D. Defendants violated §17.50(a)(3) of the D.T.P.A. by engaging in an unconscionable course of action towards Plaintiff.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY _____ DEPUTY

V.

The aforementioned conduct has been a producing cause of damages to the plaintiff of at least $8,198.00. Since the conduct of these two defendants was committed knowingly and/or intentionally, Plaintiff also is entitled to recover damages for mental anguish of at least $5,000.00, plus additional damages of up to three times the amount of his economic damages and his damages for mental anguish.

VI.

Pursuant to §17.50(d) of the D.T.P.A., Plaintiff is also entitled to recover reasonable and necessary attorney's fees of at least $5,000.00.

VII.

Defendant Holder, as the assignee of the contract, is subject to all claims and defenses that the plaintiff has against Defendant Dealer.

SECOND CAUSE OF ACTION

VIII.

The transaction described in Paragraph III above was subject to the terms of Chapter 348 of the Texas Finance Code. During the course of that transaction, Defendant Dealer and Defendant Holder violated the Finance Code in many respects, including but not limited to the following:

Page 7 of 9

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

A. Defendant Dealer and Defendant Holder contracted for, charged and/or received finance charges in excess of the maximum permitted in this transaction;

B. Defendant Dealer and Defendant Holder violated Section 348.412 of the Finance Code by illegally attempting to waive claims or defenses arising out of the sale;

C. Defendant Dealer and Defendant Holder violated Section 348.412 of the Finance Code by including provisions in the retail installment contract which provide for a waiver of the plaintiff's rights of action for illegal acts committed during the repossession of the motor vehicle.

IX.

Pursuant to Chapter 349 of the Finance Code, Plaintiff is entitled to recover from Defendant Dealer and Defendant Holder statutory damages of at least $55,744.04, plus attorney's fees. A reasonable attorney's fee would be at least $5,000.00.

THIRD CAUSE OF ACTION

X.

Plaintiff would show that Defendant Dealer committed fraud during the transaction made the basis of this lawsuit, which has caused damages to the plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

Defendant Holder, as the assignee of the contract, is subject to all claims and defenses that the plaintiff has against Defendant

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

Dealer.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof he recover judgment against Defendants, jointly and severally, in an amount to which he may show himself entitled, including prejudgment interest and attorney's fees. Plaintiff also prays for any other relief, in law or equity, to which he may show himself entitled.

    Respectfully submitted,

    Law Office of Thomas Schumacher
    Sherry Park Office Center
    13330 Leopard, Suite 2
    Corpus Christi, Texas 78410
    361.241.2393

    By: /s/ Thomas M. Schumacher
        Thomas M. Schumacher
        State Bar No. 17851900
        Fax # 361.242.9266
        E-mail: tmslawofc@aol.com

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
DEC 18 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: